## BRADSHAW *v.* ROME, W. & O. R. Co.

*(Supreme Court, General Term, Fifth Department.   June, 1888.)*

1. RAILROAD COMPANIES—NEGLIGENCE—FIRES—NONSUIT.

Plaintiff brought an action against a railroad company for injury to his land by fire, alleging that such fire was caused by defendant's negligence in running an engine which was improperly constructed or out of repair, or negligently managed. Plaintiff's evidence tended to show that the fire was caused by large coals escaping from such engine while it was moving rapidly, in a dry time, and when a stiff breeze was blowing across the tracks towards plaintiff's premises; that a large amount of dry combustibles—grass, weeds, etc.—had accumulated on defendant's land between the track and plaintiff's land, whereby the fire was communicated to the latter; that the fire-box of defendant's engine was defective, so that large coals could escape therefrom when the engine was running at a rapid rate; and that, at the time of the fire, large cinders escaped from the smoke-stack.   *Held,* that defendant's motion for a nonsuit was properly denied, although it is conceded that the mere escape of coals and cinders from the fire-box or smoke-stack is not sufficient evidence of negligence to render defendant liable.[1]

2. SAME—MEASURE OF DAMAGES—EVIDENCE.

Evidence as to the price for which similar timber had sold per acre is inadmissible on the question of damages; there being no pretense that woodland in the locality or elsewhere has a fixed and uniform market value.

Appeal from circuit court, Orleans county.

Action by William Bradshaw against Rome, Watertown & Ogdensburg Railroad Company to recover damages for injuries done to plaintiff's land by fire, caused, as plaintiff alleged, by the careless and negligent act of defendant in running an engine upon its road which was improperly constructed or out of repair, or negligently and carelessly managed by the engineer in charge on the occasion in question.   Plaintiff's evidence tended to prove that, as one of defendant's engines passed plaintiff's lands, large lumps of cinders and pieces of coal, on fire and red hot, escaped from underneath the engine, and fell on the track, some of them remaining on the road-bed, and others, as they fell, bounded off the track, and fell to the ground, half way from the rails to the fences inclosing defendant's lands, for the distance of from 10 to 15 rods along the track; that at this time there was accumulated on defendant's lands a large amount of dry grass and weeds and other rubbish, and dry logs; that the cinders and coals, as soon as they fell, set fire to the dry material between the track and the fence, from which the fire immediately escaped from the lands of defendant to the lands of plaintiff, doing much damage by burning up the soil and standing timber.   This occurred in a dry time; some of the witnesses say, very dry time.   During the afternoon of the day mentioned, the wind was blowing a stiff breeze across the tracks towards the plaintiff's premises.   Plaintiff also gave evidence tending to show that the fire-box to the engine was so constructed that large coals and cinders could escape from the fire-box to the fire-pan when the grates to the furnace were moved, and also that when both dampers therein were open, and the engine moving at a rapid rate, coals and cinders would be carried, by the force of the draught, from the fire-pan, and scattered along the road-bed.   Plaintiff also gave evidence tending to show that as the engine, on this occasion, passed plaintiff's lands, cinders on fire, as large as walnuts, escaped from the smoke-stack.

---

[1] Evidence that a defendant railroad company has allowed combustible materials to accumulate on its land, liable to take fire from sparks escaping from passing engines, and to communicate it to adjacent property, is sufficient to warrant the jury in imputing negligence to the defendant.   Clarke v. Railway Co., (Minn.) 23 N. W. Rep. 536; Railroad Co. v. Benson, (Tex.) 5 S. W. Rep. 822; Steele v. Railway Co., (Cal.) 15 Pac. Rep. 851;   Railway Co. v. Ayers, (Tex.) 8 S. W. Rep. 538.   As to the presumption of negligence which arises when a fire is caused by sparks escaping from a locomotive, see Rose v. Railway Co., (Iowa,) 34 N. W. Rep. 450, and note; Wolff v. Railway Co., (Minn.) 25 N. W. Rep. 63, and note; Butcher v. Railroad Co., (Cal.) 8 Pac. Rep. 174, and note;   Tilley v. Railway Co., (Ark.) 6 S. W. Rep. 8, and note.   That no such presumption arises in the absence of statute, see Railway Co. v. Hixon, (Ind.) 11 N. E. Rep. 285.

The train was running at a rapid rate of speed.    Upon this evidence, plaintiff relied to establish defendant's negligence.    At the close of plaintiff's case, defendant moved for a nonsuit, which was denied, and an exception taken. The defendant's evidence tended to prove that the fire-box, fire-pan, and smoke-stack of the engine were properly constructed, after the most approved pattern then in use, and the same was on that day in good order, and was carefully and properly managed by the engineer.    Judgment for plaintiff, motion for new trial overruled, and defendant appeals.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*Edmund B. Winn*, for appellant.    *Benjamin E. Williams*, for respondent.

BARKER, P. J.    The motion for a nonsuit was properly denied.    It is conceded by the defendant, and it is within the knowledge of all intelligent and observing men, that a locomotive engine can now be so constructed and run at the usual and ordinary rate of speed as not to scatter live coals and cinders of dangerous size or quantity.    It is claimed, however, that the mere escape of burning coal from the fire-box, fire-pan, or smoke-stack is not sufficient evidence of negligence on the part of the defendant.    This may be conceded.    The plaintiff does not rely upon that fact alone.    *McCaig* v. *Railroad Co.*, 8 Hun, 599.    The defendant's negligence did not consist in that fact merely.    The act of the negligence was made up of all the facts and circumstances existing when the coals escaped.    The dryness of the atmosphere and of the earth, and of all the matter that was on the defendant's premises at that place; the blowing of the wind, and the strength of it, and the direction from which it came; the accumulations of the weeds, grass, and rubbish by the side of the defendant's track, between it and the plaintiff's lands,—were all the constituents of the act of the defendant, and went together to make it negligence.    This case is controlled by *Webb's Case*, 49 N. Y. 420, (against this defendant,) in which the facts are stated, and on comparison are found to be strikingly similar in all material respects to the one at bar, where a judgment in the plaintiff's favor was sustained.    We may dismiss, without further consideration, the exception taken to the refusal to grant a nonsuit.

The other exceptions relate to the reception and rejection of evidence on the question of damages.    The defendant offered to show that standing timber similar to standing timber of the plaintiff's, which was burned, had been bought for $25 or $30 per acre, which was objected to by the plaintiff, and excluded.    We see no error in this ruling, as it was an attempt to prove, by the plaintiff's own witnesses, the price which had been paid by other parties on a sale of other timber lands.    The knowledge of the witness on this subject may have qualified him to speak of the market value of the property referred to; but, as evidence from which the jury were to determine the value of the property destroyed, the rules of evidence do not permit direct evidence to be given of the terms of a contract of sale of similar property between other parties.    Such evidence might take the plaintiff by surprise, and is generally misleading.    There is no pretense that woodland, in that locality or elsewhere, has a fixed and uniform market value per acre, the same as grain produced or other merchandise of a particular grade or standard have, sold by weight or measure on the markets.    The other exceptions have been examined, and we fail to discover any errors of such importance as to require a reversal of the judgment.    Judgment and order affirmed.

All concur.